*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAHA BARADA and NABIL BARADA,

        Plaintiffs-Appellants,

v

AMERICAN PREMIUM LUBRICANTS, LLC,
OUSSAMA DABAJA, AHMAD ABADI, and
MOHAMMED DIAB,

        Defendants-Appellees.

UNPUBLISHED
March 23, 2023

No. 359625
Wayne Circuit Court
LC No. 20-016765-CB

Before: PATEL, P.J., and SWARTZLE and HOOD, JJ.

PER CURIAM.

The parties entered into a business agreement that included a clause to settle all disputes with the sole and exclusive remedy of arbitration. Plaintiffs sued defendants for failing to comply with the terms of the contract. The trial court granted defendants summary disposition under MCR 2.116(C)(7) because plaintiffs were bound to arbitration by the terms of the agreement. We affirm.

The business agreement entered into by the parties delineated the parties' responsibilities. Specifically, certain defendants were responsible for "accounting and financial responsibilities" as well as "sales." No further specificity with regard to these parties' duties were included in the agreement. The arbitration clause contained in the business agreement stated:

> The parties mutually agree that arbitration shall be the sole and exclusive remedy with respect to the resolution of any dispute, claim or controversy (ADispute@) [sic], involving the interpretation of this Agreement or the terms, conditions or termination of this Agreement. The parties intend that any decision resulting from arbitration shall be final and binding upon the parties and that any and all disputes shall be resolved and submitted to arbitration.

> The parties acknowledge that since arbitration is the exclusive remedy, neither party has the right to resort to any federal, state or local court or administrative agency concerning alleged breaches of this Agreement, except for the purposes of obtaining injunctive relief as provided below. The decision of the

-1-

arbitrator shall be a complete defense to any suit, action or proceeding instituted in any federal, state or local court or before any administrative agency with respect to any Dispute which is arbitrable as set forth in this Agreement.

The provisions of this paragraph shall, with respect to any Dispute, survive the termination or expiration of this Agreement.

Plaintiffs sued defendants, alleging, among other things, that defendants failed to timely disclose documents to the Internal Revenue Service, failed to pay creditors, failed to pay certain plaintiffs a salary, and transferred large amounts of equipment to a certain defendant without consent. Plaintiffs requested an injunction against defendants to prevent them from "wasting assets and violating" the contract further.

In lieu of an answer, defendants filed separate motions for summary disposition under MCR 2.116(C)(7) among other provisions. Included in each of defendants' arguments was that plaintiffs were bound by the arbitration clause, and, thus, the complaint should be dismissed. Defendants also asserted arbitration as an "affirmative defense" to plaintiffs' complaint. (Defendants made this assertion in their motions rather than a responsive pleading. MCR 2.111(F)(3); MCR 2.116(D)(2).) Plaintiffs responded that injunctive relief was not covered under the arbitration clause and, further, that defendants' fraud and misrepresentation invalidated the contract.

Plaintiffs then moved to strike defendants' "affirmative defense" of arbitration, arguing that defendants had waived their right to arbitration because they were participating in the litigation. Namely, defendants had filed witness lists, participated in depositions, and stipulated to add parties as codefendants after having asserted their "affirmative defense" to arbitration.

The trial court granted defendants summary disposition, holding that the arbitration clause plainly stated that arbitration was the exclusive remedy to disputes under the contract and that there was no carve out for injunctive relief.

Plaintiffs now appeal.

"We review de novo a trial court's decision to grant or deny a motion for summary disposition." *Sherman v City of St Joseph*, 332 Mich App 626, 632; 957 NW2d 838 (2020) (citations omitted). Summary disposition is proper under MCR 2.116(C)(7) when a claim is barred because of "an agreement to arbitrate." *Tinsley v Yatooma*, 333 Mich App 257, 261; 964 NW2d 45 (2020). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide. If a factual dispute exists, however, summary disposition is not appropriate." *RDM Holdings, Ltd v Continental Plastics Co*, 281 Mich App 678, 687; 762 NW2d 529 (2008).

"Arbitration is a matter of contract." *Altobelli v Hartmann*, 499 Mich 284, 295; 884 NW2d 537 (2016). "[W]hen interpreting an arbitration agreement, we apply the same legal principles that govern contract interpretation." *Id*. "Our primary task is to ascertain the intent of the parties at the time they entered into the agreement, which we determine by examining the language of the agreement according to its plain and ordinary meaning." *Id*. "To ascertain the arbitrability of an

issue, a court must consider whether there is an arbitration provision in the parties' contract, whether the disputed issue is arguably within the arbitration clause, and whether the dispute is expressly exempt from arbitration by the terms of the contract." *Fromm v Meemic Ins Co*, 264 Mich App 302, 305-306; 690 NW2d 528 (2004) (cleaned up).

Plaintiffs first argue that the trial court erred because defendants had waived their right to arbitration by participating in the litigation. "Whether one has waived his right to arbitration depends on the particular facts and circumstances of each case." *Madison Dist Pub Sch v Myers*, 247 Mich App 583, 588; 637 NW2d 526 (2001). "Waiver of a contractual right to arbitrate is disfavored." *Id*. "The party arguing there has been a waiver of this right bears a heavy burden of proof and must demonstrate knowledge of an existing right to compel arbitration, acts inconsistent with the right to arbitrate, and prejudice resulting from the inconsistent acts." *Id*. (cleaned up).

In *Madison Dist Pub Sch*, this Court noted:

Various forms of participation by a [party] in an action have been considered by the courts in determining whether there has been a waiver of the [party]'s right to compel arbitration or to rely on arbitration as a defense to the action. It has been generally held or recognized that by such conduct as defending the action or proceeding with the trial, a [party] waives the right to arbitration of the dispute involved. A waiver of the right to arbitrration [sic] . . . has also been found from particular acts of participation by a [party], each act being considered independently as constituting a waiver. Thus, a [party] has been held to have waived the right to arbitration of the dispute involved by filing an answer without properly demanding or asserting the right to arbitration, by filing an answer containing a counterclaim . . . without demanding arbitration or by filing a counterclaim which was considered inconsistent with a previous demand for arbitration, by filing a third-party complaint or cross-claim, or by taking various other steps, including filing a notice of readiness for trial, filing a motion for summary judgment, or utilizing judicial discovery procedures. (quotation marks and citations omitted; alterations in original). [*Id*. at 589.]

In this case, defendants did not file a responsive pleading, but instead asserted the right to arbitration in a motion for summary disposition at the onset of the case. Even though defendants participated in the litigation with regard to discovery and stipulated to the addition of a codefendant, plaintiffs were already aware that defendants asserted their right to arbitration. Plaintiffs continued to litigate this matter despite defendants asserting their right to arbitration as their first motion to the trial court. Plaintiffs cannot demonstrate prejudice when defendants' first action was to assert their right to arbitrate and plaintiffs continued with the litigation anyway. Plaintiffs have not demonstrated that defendants waived arbitration when defendants had been asserting their right to arbitration from the very beginning.

Lastly, plaintiffs argue that their claims were excepted from the arbitration agreement, including their specific request for injunctive relief. Even though the arbitration clause states that arbitration is the exclusive remedy "except for the purposes of obtaining injunctive relief as provided below," the agreement does not go on to describe the purposes for which obtaining injunctive relief may be excepted.

Furthermore, the plain and ordinary language of the arbitration clause covers plaintiffs' claims. The claims that defendants failed to disclose documents to the Internal Revenue Service, failed to pay creditors, failed to pay certain plaintiffs a salary, and transferred large amounts of equipment to a certain defendant without consent, are within the "accounting and financial responsibilities," as well as "sales" responsibilities, given to defendants in the agreement.

The agreement clearly states that arbitration is the exclusive remedy for disputes arising from the agreement. Plaintiffs' claims fall squarely within the duties prescribed to defendants under the agreement, and plaintiffs' purpose for injunctive relief was not excepted from the arbitration clause. Therefore, the trial court did not err in granting summary disposition to defendants.

Affirmed. Defendants, as the prevailing parties, may tax costs under MCR 7.219.

/s/ Sima G. Patel
/s/ Brock A. Swartzle
/s/ Noah P. Hood